ground that it was irrelevant and immaterial. The opinion is expressed that appellant's acts and words at the time were res gestæ and exhibited conduct tending to prove his guilt.

■ It is recited in bill of exception No. 8 that, before the court read the charge to the jury, appellant excepted to paragraph 2, which paragraph advised the jury to convict appellant if they believed from the evidence beyond a reasonable doubt that he was intoxicated or in any degree under the influence of intoxicating liquor. The ground of objection is not specified. It is not shown that the objection was in writing. Article 658, C. C. P., in part provides as follows: "Before said charge is read to the jury, the defendant or his counsel shall have a reasonable time to examine the same and he shall present his objections thereto in writing, distinctly specifying each ground of objection."

A careful examination of appellant's contentions leads us to the conclusion that reversible error is not presented.

The judgment is affirmed.

### PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

On Appellant's Motion for Rehearing.

### CHRISTIAN, J.

■■ In the indictment it is alleged that appellant, while intoxicated, drove an automobile "on a certain public highway, to-wit: the Dixie-Overland Highway." For the first time appellant calls attention to the fact that the state failed to prove a driving on the highway as described. We have carefully examined the statement of facts. The highway is referred to therein as the "Dixie Highway," but no evidence is found to the effect that it was the "Dixie-Overland Highway." Unless we can assume that the "Dixie Highway" and the "Dixie-Overland Highway" are one and the same road (and we know of no authority which authorizes this court to indulge in such presumption against one accused of crime), appellant's contention must be sustained. It was incumbent upon the state to prove the car was driven upon the Dixie-Overland Highway. Akin v. State, 114 Tex. Cr. R. 343, 23 S.W.(2d) 379; Smith v. State, 107 Tex. Cr. R. 511, 298 S. W. 286; Cantu v. State, 101 Tex. Cr. R. 386, 276 S. W. 432; Chaves v. State, 101 Tex. Cr. R. 367, 275 S. W. 1006; Lloyd v. State, 103 Tex. Cr. R. 31, 279 S. W. 843. The opinion is expressed that proof that the car was driven upon the "Dixie Highway" is not tantamount to proof that it was driven upon the "Dixie-Overland Highway."

Appellant's motion for rehearing is granted, the judgment of affirmance is set aside, the judgment of the trial court is reversed, and the cause remanded.

### PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

On State's Motion for Rehearing.

### MORROW, P. J.

In support of the contention of state's counsel in his motion for rehearing, namely, that the variance pointed out in the appellant's motion for rehearing is not available because raised after verdict and was not material, the following precedents are cited: Pool v. State, 102 Tex. Cr. R. 451, 278 S. W. 212; Inness v. State, 106 Tex. Cr. R. 524, 293 S. W. 821; Ward v. State, 102 Tex. Cr. R. 204, 277 S. W. 672; Moreno v. State, 64 Tex. Cr. R. 660, 143 S. W. 156, Ann. Cas. 1914C, 863; article 763, C. C. P. 1925.

Our examination of the authorities in the light of the record leaves us of the opinion that the motion should be overruled, which is accordingly done.

### GRAHAM v. STATE.
### No. 14535.

Court of Criminal Appeals of Texas.
June 17, 1931.

Rehearing Denied Oct. 21, 1931.

Wallace Hughston, of McKinney, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

### CHRISTIAN, J.

The offense is assault with intent to murder; the punishment, confinement in the penitentiary for two years.

The record is before us without a statement of facts or bills of exception. No question is presented for review.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

On Motion for Rehearing.

MORROW, P. J.

A re-examination of the record in the light of the appellant's motion for rehearing leaves the court of the opinion that the proper disposition of the case was made upon the original hearing.

The motion is overruled.